# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
August 14, 2013 Session

## STATE OF TENNESSEE v. DUSTY ROSS BINKLEY

### Appeal from the Criminal Court for Davidson County
### No. 2009-I-833    Steve Dozier, Judge

### No. M2013-00164-CCA-R3-HC - Filed September 12, 2013

The Petitioner, Dusty Ross Binkley, pled guilty to manufacture of methamphetamine and possession of a weapon in the commission of a dangerous felony. The trial court sentenced the Petitioner to an eight-year sentence to be served on community corrections. The Petitioner's community corrections officer filed a violation warrant, and, after a hearing, the trial court revoked the Petitioner's community corrections sentence, finding that he had violated the terms of his sentence, and ordered him to serve the remainder of his sentence in confinement, to run consecutively with his sentence in another county on an unrelated charge. The Petitioner filed a *pro se* petition for a writ of habeas corpus, which the habeas court summarily dismissed. On appeal, the Petitioner contends that the habeas court erred by summarily dismissing his petition. After a thorough review of the record and applicable law, we affirm the habeas corpus court's judgment.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JERRY L. SMITH and JAMES CURWOOD WITT, JR., JJ., joined.

Karen McDonald (on appeal) and Rhett C. Chandler (at trial), Nashville, Tennessee, for the appellant, Dusty Ross Binkley.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Senior Counsel; Victor S. Johnson, III, District Attorney General; and Rachel Sobrero, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Facts

## A. Trial Court

On July 2, 2009, the Petitioner entered guilty pleas to two offenses in Davidson County Criminal Court: manufacture of methamphetamine and possession of a firearm in the commission of a dangerous felony. Per the plea agreement, the Petitioner agreed to be sentenced as a standard offender with a thirty percent release eligibility, and the trial court imposed an eight-year sentence on the methamphetamine charge, and a one-year sentence on the weapon charge, to be served concurrently. The trial court ordered the Petitioner to serve the eight-year sentence on community corrections.

The Petitioner was subsequently arrested for assault in Williamson County in November of 2009, upon which the Davidson County Criminal Court issued an arrest warrant alleging a violation of the terms of the Petitioner's community corrections sentence. An amended judgment was entered on December 18, 2009 in the Davidson County Criminal Court, reinstating the Petitioner to community corrections.

The Petitioner was again arrested in Williamson County in January of 2010, and he pled guilty in Williamson County Criminal Court on June 1, 2010 to one count of false imprisonment, one count of aggravated assault, and one count of vandalism. Pursuant to a plea agreement, the trial court imposed an eight-year sentence to run concurrently with the Petitioner's sentence in the Davidson County Criminal Court.

On July 9, 2010, the Davidson County Criminal Court revoked the Petitioner's community corrections sentence and ordered the Petitioner to serve his remaining sentence in prison, granting the Petitioner jail credit for his time served. The trial court ordered the sentence to run consecutively to the Williamson County Criminal Court sentence.

## B. Habeas Corpus Court

The Petitioner filed a petition for a writ of habeas corpus on July 23, 2010, alleging that his Davidson County Criminal Court sentence was void because the Davidson County Criminal Court did not have the authority to impose a sentence to be served consecutively to the Williamson County Criminal Court's sentence.

On September 18, 2012, the habeas court dismissed the Petitioner's petition, stating that the trial court was "aware of [the Williamson County Criminal Court] plea agreement at the time of [the Petitioner's] community corrections violation hearing." The habeas court noted that the plea agreement in the Williamson County case was made an exhibit at the violation hearing. The habeas court reaffirmed its findings that "the

Davidson County Court is within its authority to sentence the [Petitioner] to serve sentences consecutively and is not restricted by [the Petitioner's] agreement in Williamson County." The habeas court further found that the Petitioner had not stated a claim for habeas corpus relief and dismissed the petition.

## II. Analysis

The Petitioner contends that the habeas corpus court erred when it dismissed his petition, challenging the "authority of the Davidson County court to amend his original sentence to run consecutively with the sentence imposed in Williamson County." The Petitioner contends that the Davidson County Criminal Court had no "statutory authority" to amend the Petitioner's original community corrections sentence, and thus, the judgment is illegal and void on its face. The State responds that the Petitioner is not entitled to habeas relief because he has provided no legal basis for his contention that the trial court acted beyond its jurisdiction, or that the trial court did not have statutory authority to revoke the Petitioner's community corrections sentence and order the Petitioner to serve the Davidson County sentence consecutively to his sentence in Williamson County. We agree with the State.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. *See Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007). Although the right is guaranteed in the Tennessee Constitution, the right is governed by statute. T.C.A. § 29-21-101 to 130 (2006). The determination of whether habeas corpus relief should be granted is a question of law and is accordingly given *de novo* review. *Smith v. Lewis*, 202 S.W.3d 124, 127 (Tenn. 2006); *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Although there is no statutory time limitation which applies to bar the filing of a habeas corpus petition, the grounds upon which relief can be granted are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). It is the burden of the petitioner to demonstrate by a preponderance of the evidence that "the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). In other words, the very narrow grounds upon which a habeas corpus petition can be based are as follows: (1) a claim there was a void judgment which was facially invalid because the convicting court was without jurisdiction or authority to sentence the Petitioner; or (2) a claim the Petitioner's sentence has expired. *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000); *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). "An illegal sentence, one whose imposition directly contravenes a statute, is considered void and may be set aside at any time." *May v. Carlton*, 245 S.W.3d 340, 344 (Tenn. 2008) (citing *State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn. 1978)). In contrast, a voidable judgment is "one that is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." *Taylor*, 995 S.W.2d at 83; *see State v. Ritchie*, 20

S.W.3d 624, 633 (Tenn. 2000).

We conclude that the Petitioner's petition for habeas corpus relief fails to state a cognizable claim. We first note that a trial court may revoke a defendant's community corrections sentence "at any time" based on the defendant's non-compliance with the conditions of the community-based program. T.C.A. § 40-36-106(e)(3)-(4) (2010). In *State v. Ervin*, 939 S.W.2d 581 (Tenn. Crim. App. 1996), this Court stated that the purpose of Tennessee Code Annotated section 40-36-106 is to "permit a trial court to impose a new sentence if the nature, circumstances, and frequency of the accused's violations warrant a different type of alternative sentence or incarceration." *Ervin*, 939 S.W.2d at 583. Upon revocation of a community corrections sentence, the trial court has the authority to resentence a defendant up to the maximum for the offense. *State v. Samuels*, 44 S.W.3d 489, 493 (Tenn. 2001) (citing *State v. Griffith*, 787 S.W.2d 340, 341 (Tenn. 1990)).

Before imposing a new sentence, the trial court must hold a sentencing hearing in accordance with the Criminal Sentencing Reform Act. *Samuels*, 44 S.W.3d at 494. If the trial court revokes the defendant's community corrections sentence, then, as mentioned above, it may "resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in the community-based alternative to incarceration." T.C.A. § 40-36-106(e)(4). It is within the trial court's authority to alter or amend at any time the length, terms, or conditions of a community corrections sentence. *Samuels*, 44 S.W.3d at 493.

Although the Petitioner's contention is that the Davidson County Criminal Court was without jurisdiction or authority to amend his community corrections sentence and impose the amended judgment; the court's action was authorized by statute and is not void. The purpose of a habeas corpus petition is to contest a void, not merely voidable, judgment. *Hutton v. State*, No. M2005-00585-CCA-R3-HC, 2005 WL 3487815, at *2 (Tenn. Crim. App. 2005) (citing *State ex rel. Newsome v.* Henderson, 424 S.W.2d 186, 189 (Tenn. 1968)). The Petitioner cannot collaterally attack a facially valid conviction in a habeas corpus proceeding, *Hutton*, 2005 WL 3487815, at *2 (citing *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992); *State ex rel. Holbrook v. Bomar*, 364 S.W.2d 887, 888 (Tenn. 1963)), and the Davidson County Criminal Court's amended judgment revoking the Petitioner's community corrections sentence contains nothing that would render the judgment void on its face; thus, the Petitioner is not entitled to habeas corpus relief upon his contention.

-4-

### III. Conclusion

Based on the foregoing reasoning and authorities, we affirm the judgment of the habeas corpus court.

_____
ROBERT W. WEDEMEYER, JUDGE